UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
SEPRINA T.[1]  :  CASE NO. 3:22-CV-00517 (RMS)
:
V.  :
:
COMMISSIONER OF  :
SOCIAL SECURITY  :  DATE: AUGUST 27, 2024
:
------------------------------------------------------- x

**RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

The plaintiff's counsel, Howard Olinsky ("Counsel"), filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1), seeking an award of fees in the amount of $17,868.50.  (Doc. Nos. 23 (Mot. Fees) & 23-1 (Pl.'s Mem.).)  The defendant, the Social Security Administration Commissioner ("Commissioner"), filed a response, indicating it neither supports nor opposes the motion.  (Doc. No. 24 (Response).)  For the reasons set forth below, the Motion for Allowance of Attorney's Fees Pursuant to 42 U.S.C. § 406(b), (Mot. Fees), is **GRANTED**.

**I.      BACKGROUND**

The plaintiff filed the instant action on April 7, 2022, appealing the Commissioner's denial of her application for disability income benefits and supplemental security income.  (Doc. No. 1).  The Commissioner filed the administrative transcript on May 25, 2022, (Doc. No. 8), after which the district court issued a Scheduling Order on June 2, 2022, (Doc. No. 10).  By the end of June 2022, the parties consented to magistrate judge jurisdiction and the case was transferred to the

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* CTAO-21-01, Standing Order Social Re: Security Cases (D. Conn. Jan. 8, 2021).

undersigned.  (*See* Doc. Nos. 11 (Notice) & 12 (Transfer Order).)  The plaintiff filed her Motion to Reverse on July 22, 2022, and the defendant filed its Motion to Affirm on September 20, 2022.  (*See* Doc. Nos. 13 (Pl.'s Mot.) & 15 (Def.'s Mot.).)  On February 21, 2024, the Court reversed and remanded the Commissioner's decision.  (*See* Doc. No. 17 (Ruling).)  The Clerk entered Judgment on February 22, 2023.  (*See* Doc. No. 18 (J.).)

On May 19, 2023, the plaintiff's counsel filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  (Doc. No. 20.)  The same day, Counsel filed a Stipulation, indicating the parties agreement as to the requested attorneys' fees.  (Doc. No. 21.)  The Court approved the Stipulation, awarding the plaintiff $6,100.00.  (Doc. No. 22).

Counsel now moves for attorney's fees under 42 U.S.C. § 406(b).  On remand, the plaintiff was awarded $100,274.00.  Counsel seeks $17,868.50.  (Pl.'s Mem. ¶ 4–7.)  Counsel spent 24.6 hours and 5.7 paralegal hours on the case, and—as explained in the plaintiff's motion—the *de facto* hourly rate is $703.19.  The Commissioner neither supports nor opposes the motion, because it does not have a direct financial stake in the award.  (Response.)

II.   **DISCUSSION**

Section 406(b) of Title 42 of the United States Code "governs the total fee a claimant's attorney may receive for court representation" of Social Security claimants.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002).  In pertinent part, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]

42 U.S.C. § 406(b)(1)(A).  Where, as here, a contingency fee agreement is in place, section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield

reasonable results." *Gisbrecht*, 535 U.S. at 807. Accordingly, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness[.]" *Id.* at 808.

"Both [the Second Circuit] and the Supreme Court have set out guidelines for courts conducting this reasonableness analysis." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 807; *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)) (footnote omitted). When determining reasonableness, the court must consider four factors: (1) "the character of the representation and the result the representative achieved," (2) "whether a claimant's counsel is responsible for undue delay," (3) "whether there was fraud or overreaching in the making of the contingency agreement," and (4) "whether a requested fee would result in a 'windfall' to counsel." *Fields*, 24 F.4th at 849 (summarizing factors established in *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372). In holding that a contingency fee may only be reduced if it is unreasonable, courts have "rejected reliance on 'the traditional lodestar method' utilized in fee-shifting statutes." *Fields*, 24 F.4th at 853.

Ultimately, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells II*, 907 F.2d at 372. However, such deductions "should not be made lightly." *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19 CV 155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

All four *Fields* factors are satisfied.

First, the retainer agreement sets the contingency fee at 25% of past-due benefits, (*see* Doc. No. 23-2 at 2), which for this case would amount to $25,068.50, (*see* Pl.'s Mem. ¶ 5.)

3

Notwithstanding the fee agreement, Counsel seeks less than 25% of the fee: $17,868.50. (*Id.* ¶ 4–7.)

Second, there is no evidence of undue delay. Within a month of receiving the Scheduling Order, Counsel filed the Notice consenting to magistrate judge jurisdiction. (Doc. No. 11 (Notice).) Counsel then timely filed the Motion to Reverse and the Reply. (*See* (Pl.'s Mot.) & 16 (Reply).)

Third, the Court has not been provided evidence that the contingency fee agreement was made through fraud or overreaching.

Fourth, the Court must determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *accord Gisbrecht*, 535 U.S. at 808. Counsel seeks $17,868.50, which is significantly less than the customary 25% contingency fee. Indeed, the *de facto* hourly rate is $703.19, a rate well-within the range of what the Second Circuit has determined reasonable. *See Fields*, 24 F.4th at 856 n.10 (citing cases ranging between $1,300 and $2,100 *de facto* hourly rates).

In other words, all factors are either neutral or weigh in Counsel's favor. The Court concludes the § 406(b) fee request is reasonable.

Where counsel is awarded both EAJA and 42 U.S.C. § 406(b) fees for the same work, counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. Here, Counsel has already received $6,100.00 in EAJA fees and states he will refund the EAJA fee amount to the plaintiff. (Pl.'s Mem. ¶ 8.) The Court agrees with Counsel's position.

### III.   CONCLUSION

For the above reasons, Counsel's Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 23) is **GRANTED** in the amount of $17,868.50. Consistent with

Counsel's representations and obligations, he shall refund the EAJA award of $6,100.00 to the plaintiff.

This is not a recommended ruling. The parties' consent to a magistrate judge allows the undersigned to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals from this judgment may be made directly to the appropriate United States Court of Appeals.  *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

**SO ORDERED** at New Haven, Connecticut the 27th day of August, 2024.

      /s/ Robert M. Spector
Robert M. Spector, U.S. Magistrate Judge